*Moore, Ireland,* for appellant.
*Stewart & Brown,* for appellee.

--------

ANN W. TIBBATTS *v* BENJAMIN BEALL.

**Husband and Wife.**
Conveyance for wife a joint one for herself and husband.

**Restitution** of purchase money.

APPEAL FROM CAMPBELL CIRCUIT COURT.

September 21, 1870.

OPINION OF THE COURT BY JUDGE ROBERTSON:

As James Taylor's conveyance to his daughter, Mrs. Tibbatts, was not to her sole and separate use, her husband had a resulting right to enjoy the profits jointly with her, and any proceeds which accrued she had a right to allow him to use, even exclusively. And although he and she had no power to convey the legal title without her trustee's consent, yet their sale to the appellee, Beall, and the husband's receipt of the advance payment of $345 entitled Beall to restitution, unless the trustee should finally refuse to confirm the sale by conveying the legal title. Though such a conveyance was never made and the contract was finally rescinded by a decretal order, in November, 1866, still the trustee so far ratified the sale by a compromise with Beall and Mrs. Tibbatts, when a widow after Tibbatts' death, as to charge the trust fund with the amount paid to Tibbatts by Beall. And a judicial settlement of the trust confirmed that allottment of the $345 to the trust fund.

Thus, not only the trustee, but Mrs. Tibbatts, when discovert,

ratified the sale to the extent of the $345. And this bound her, and consequently her representatives, to make restitution to Beall, as the judgment of 1866 took from him the right to the property he had bought. His right to enforce that liability was not consummated until that decree was pronounced. Consequently the statute of limitations does not bar this suit to recover the amount so added to the trust fund.

The judgment rendered in this case in the appellee's favor for the $345 was, therefore, right; and the addition of legal interest from the time of payment to Tibbatts, and perhaps through him to the use of his wife and children, is no apparent error in the judgment, as Beall does not appear to have ever enjoyed the possession or use of the property he bought.

Nor can we judicially see that there is error in adjudging the restitution, also, of $107 charged to have been paid by Beall for taxes on the property he bought; that charge, though *ignored,* is not so traversed as to require extraneous proof. The appellants must be presumed to know whether the trustee paid those taxes or whether Beall paid them, and how much, and we can not presume without sufficient data to decide that the circuit court charged too much interest on the $107.

Wherefore, the judgment for $913.39 is affirmed.

*Stevenson & M., Hodge, for appellant.*
*Hallam, for appellee.*